IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:96-165-02
    CIVIL ACTION NO. 3:06-0231

LEWIS MERCADO

**MEMORANDUM OPINION AND ORDER**

In December 1998, movant, Lewis Mercado was sentenced to a term of imprisonment of 292 months. On May 2, 2008, this sentence was reduced to a term of 235 months by order of this Court, based on the retroactive amendment of the U.S. Sentencing Guidelines to reduce the disparity between crack cocaine and cocaine powder offenses. In March 2006, Mr. Mercado filed the instant motion "for resentencing," arguing that the Sentencing Reform Act was unconstitutional at the time he was sentenced. He argued ineffective assistance of counsel which resulted in an inaccurate criminal history calculation under the guidelines. He also argued that the Supreme Court case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), decided after his sentencing, should apply to his case and would allow him to be resentenced outside of the guideline range.

Defendant's motion was characterized as one falling under 28 U.S.C. § 2255, a characterization he rejected. On April 15, 2010, Magistrate Judge Maurice Taylor issued Findings and Recommendations. *See* Findings and Recommendations (Doc. 282). Judge Taylor found that the characterization under § 2255 was appropriate but that relief under the statute was time-barred.

On May 6, 2010, the Court granted an extension of time for Mr. Mercado to file objections

to Judge Taylor's findings and recommendations, giving him until May 24, 2010. *See* Doc. 283. On May 28, 2010, having received no response from Mr. Mercado, the Court entered an order adopting Magistrate Judge Taylor's findings and recommendations. *See* Doc. 284. The Court received objections from Mr. Mercado on June 1, 2010. These objections are dated May 21, 2010.

The Court will afford Mr. Mercado the benefit of the doubt and consider his objections, although they were not timely received. There is no need to reopen the instant case, however, as the Court **FINDS** the objections to be without merit and as such **AFFIRMS** its prior adoption of Magistrate Judge Taylor's findings and recommendations.

Judge Taylor determined that Mr. Mercado's request for resentencing was properly characterized as a § 2255 motion because Mr. Mercado could not show that § 2255 was "inadequate or ineffective." *In re Jones*, 2266 F.3d 328, 333 (4th Cir. 2000). He explained that § 2255 contained "gatekeeping" requirements, whose application did not render the statutory provision inadequate or ineffective. One of these gatekeeping requirements is a one-year statute of limitations, which begins to run on the date a judgment or conviction becomes final. As Mr. Mercado's motion was filed outside of that time period Judge Taylor recommended that the § 2255 motion be denied.

In his objections, Mr. Mercado argued that the Supreme Court case of *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), required a defense attorney to consider "collateral consequences" and that his counsel should "had a duty to review Mercado's prior bad acts due to their collateral consequences." Objections to Findings and Recommendations (Doc. 282). He also made a *Booker/Kimbrough* argument (although he does not cite those cases in the objection), arguing that his sentencing judge wanted to depart from the guidelines but was bound by their mandatory nature:

> In this case, the sentencing judge expressed a deep desire to depart downward from the respective

> guideline range[,] but sure the government would appeal [refrained from doing so.] This court did grant Mercado relief under Amendment 706 [to the U.S. Sentencing Guidelines, but] it failed to recognize its inherent authority to impose an alternative sentence.

*Id.*

Mr. Mercado's objections do not have merit. The case of *Padilla* is not on point. The error complained of by Mr. Mercado – the inaccurate calculation of criminal history – simply does not involve "collateral consequences" within the meaning of *Padilla*. Likewise, his argument for a sentence outside of the guideline range cannot be sustained because the precedents of *United States v. Booker,* 543 U.S. 220 (2005) and *Kimbrough,* 552 U.S. 85 (2007) are not retroactive to cases on collateral review. *See U.S. v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) ("The rule announced in *Booker* is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief. . . .); *See McCoy v. Warden, Kershaw Correctional Institution*, 2009 Wl 2044646 (D. S.C. July 9, 2009) ("*Kimbrough* did not announce a new rule of law; rather, it simply reiterated the Supreme Court's holding in *United States v. Booker*."). In any case, nothing in Mr. Mercado's objections casts doubt on Magistrate Judge Taylor's decision to characterize his request for resentencing as a § 2255 motion, nor Judge Taylor's finding that the one-year statute of limitations under § 2255 applies.

For the reasons explained above, the Court **AFFIRMS** its prior adoption of Magistrate Judge Taylor's Findings and Recommendations. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: August 20, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE